UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                              CASE NO: 2:11-cr-119-FtM-29DNF

FELIX ALBERTO BERNAL

_____

### ORDER

This matter comes before the Court on defendant's *pro se* Motion for Reconsideration of Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 (Doc. #146) filed on January 15, 2016. Defendant seeks reconsideration of the Court's August 31, 2015, Order (Doc. #143) reducing defendant's sentence from 135 months to 120 months based upon appointed counsel's Unopposed Motion for Sentence Reduction Under Amendment 782 (Doc. #142). No response has been filed and the time to respond has expired.[1]

Defendant argues that the Court has the authority to further reduce his sentence to 87 months of imprisonment because his new Total Offense Level of 29 with a Criminal History Category I provides a range of 87 to 108 months of imprisonment. Defendant argues that he did not know that his sentence would only be reduced

_____

[1] The Court notes that counsel for the United States was permitted to withdraw after the Court issued an Order reducing defendant's sentence pursuant to Amendment 782. (Doc. #145.)

by 15 months, and counsel did not respond as to why a further reduction was not sought. Defendant seeks an appointment of counsel to assist with seeking a further reduction, or for a reduction to 87 months of imprisonment. For the reasons stated below, the Court finds that an appointment of counsel is not warranted.

On June 11, 2012, the Court accepted defendant's plea of guilty and adjudicated defendant guilty of Count One for conspiracy to possess with intent to distribute, and to distribute 50 or more grams of methamphetamine, and 500 or more grams of a mixture or substance containing a detectable amount of methamphetamine, all in in violation of 21 U.S.C. §§ 841 and 846, and of Count Two for possession with intent to distribute and distribution of 5 or more grams of methamphetamine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. On October 3, 2012, defendant was sentenced to the high end of the guideline range to a term of 135 months as to each count, to be served concurrently, and to 5 years supervised release.[2] (Doc. #104.) Defendant's conviction and sentence were affirmed on appeal. (Doc. #121.)

Under Title 21, United States Code, Section 841, a person who knowingly distributes or possesses with the intent to distribute

---

[2] Defendant is subject to deportation.

shall be sentenced to a term of imprisonment which may not be less than 10 years if involving:

> . . . 50 grams or more of methamphetamine, its salts, isomers, and salts of its isomers or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, its salts, isomers, or salts of its isomers. . . .

21 U.S.C. § 841(b)(1)(A)(viii)(2010).  At the time of sentencing, defendant was found accountable for 359.5 grams of methamphetamine, or 256.1 grams of methamphetamine (actual), giving him a base offense level of 34.  After acceptance of responsibility, defendant's total offense level was 31.  At sentencing, the Court heard testimony and denied defendant a safety valve finding that "defendant has not truthfully provided the government with all information that he possesses with regard to the offense or offenses of conviction."  (Doc. #113, Sentencing Tr. vol. 2, 28.)  Taking into account the statutory minimum mandatory sentence, defendant's applied guideline range was 120 months to 135 months.

"[I]f the district court lacked the authority to impose a sentence below a mandatory minimum at the defendant's original sentencing proceeding because the government did not file a substantial assistance motion, it cannot reduce the defendant's sentence below the mandatory minimum in a § 3582(c)(2) proceeding." United States v. Jean-Louis, 626 F. App'x 907, 909 (11th Cir. 2015)

(citing Sentencing Guidelines Manual § 1B1.10(c); <u>United States v.</u>
<u>Hippolyte</u>, 712 F.3d 535, 540 (11th Cir. 2013)).   In light of the
statutory minimum mandatory of 120 months, defendant's sentence
cannot be reduced by more than 15 months, or lower than 120 months
of imprisonment.   Therefore, the motion for reconsideration will
be denied.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion for Reconsideration of Defendant's Motion
to Reduce Sentence Pursuant to 18 U.S.C. 3582(c)(2), U.S.S.G.
1B1.10, and Amendment 782 (Doc. #146) is **DENIED** in its entirety.

**DONE and ORDERED** at Fort Myers, Florida, this __1st__ day of
April, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant
Counsel of Record